UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ZACHARY C. PARKSEY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES BASINGER,<br>WILLIAM WILSON,<br>DELANA GARDNER,<br>MAGGIE BRYANT,<br>AUSTINA MASON,<br>GABRIEL KISTLER,<br>BOSEDE SOFUYE,<br>AYODEJI AINA,<br>HELEN OGBODEMINU,<br>HOLLIE GRIFFIN,<br><br>Defendants. | ) | No. 1:25-cv-00766-RLY-MJD |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the court is the Magistrate Judge's Report and Recommendation that the Court issue an Entry of Default against Defendant Ayodeji Aina for repeated failure to comply with the court's orders to appear for court proceedings. Dkt. 69. Neither Defendant Aina nor any other party has filed an objection. For the reasons stated below, the court **ADOPTS** the Magistrate Judge's Report and Recommendation.

**I. Standard of Review**

A magistrate judge may issue a Report and Recommendation on a dispositive matter. 28 U.S.C. § 636(b)(1)(B). Objections to such a Report and Recommendation must be filed within 14 days. 28 U.S.C. § 636(1). The magistrate judge's undisputed findings are reviewed for clear error, *Johnson v. Zema Syst. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); the contested findings are reviewed de novo. *Kanter v. C.I.R.*, 590 F.3d 410, 416 (7th Cir. 2009). "*De novo* review requires the district

judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 662 (7th Cir. 2013). "The district judge makes the ultimate decision to adopt, reject, or modify the magistrate judge's recommendation." *Left Field Media LLC v. City of Chicago*, 137 F.Supp.3d 1127, 1133 (N.D. Ill. 2015).

Because there is no objection to the Report and Recommendation, the court reviews it for clear error.

## II. Analysis

Defendant Aina was ordered to appear before the court in person for hearings on July 28, 2026, and August 20, 2026, and he failed to appear for both hearings. The court warned Defendant Aina that failure to appear for the August 20 hearing would cause the magistrate judge to recommend that he be placed in default.

"[A] court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–50 (1991)). "[S]anctions imposed pursuant to the court's inherent authority 'must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith.'" *Ebmeyer v. Brock*, 11 F.4th 537, 546 (7th Cir. 2021) (quoting *Ramirez*, 845 F.3d at 776).

It appears that Defendant Aina has no intention of participating in this lawsuit. Despite clear direction of the court, he failed to appear for two court hearings—even after being warned that a default would be recommended if he failed to appear a second time. Defendant Aina, by

twice failing to appear, is willfully acting in bad faith in this litigation. The court sees no clear error.

**III. Conclusion**

The court **adopts** Magistrate Judge Dinsmore's report and recommendation, dkt. [69]. The **clerk is directed** to enter a default against Defendant Ayodeji Aina.

**IT IS SO ORDERED.**

Date: 10/06/2026

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ZACHARY C. PARKSEY
293795
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

AYODEJI AINA
625 Main Street
Anderson, IN 46016

All electronically registered counsel